IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **AXEL SOEZERI** § § *Plaintiffs,* § § v. § **Civil No.** _____ § **CONTINENTAL INTERMODAL** § **CLASS ACTION COMPLAINT** **GROUP – TRUCKING LLC,** § § *Defendant.* § | |

## INDIVIDUAL AND CLASS ACTION COMPLAINT

Plaintiff, Axel Soezeri ("Plaintiff"), brings this claim individually and on behalf of all persons similarly situated as a class action. Plaintiff seeks all available relief under the New Mexico Minimum Wage Act, N.M. Stat. Ann. §§ 50-4-19 through 50-4-35 ("NMMWA") against Defendant, Continental Intermodal Group – Trucking LLC ("CIG" or "Defendant").

### PRELIMINARY STATEMENT OF FACTS

1. Plaintiff brings this lawsuit to recover unpaid overtime wages and other damages under the NMMWA.

2. Defendant is a logistics provider offering transloading, inventory management, transportation, and storage solutions to customers in the oil and gas industry. Specifically, Defendant provides "last mile" services to oil field customers, delivering necessary oil field materials to the customers' well site and providing services and equipment for the management and storage of materials on-site once delivered.

3. Defendant provides its oil and gas services to customers across eleven (11) different states, including New Mexico.[1] To do so, Defendant employs ("Truck Drivers" or "TDs") to haul necessary oil field materials, including sand to customer well sites.

4. Defendant has employed Plaintiff and other non-exempt TDs to haul necessary oil field materials, including sand to customer well sites throughout New Mexico over the past three years, but failed to properly pay them for overtime hours worked at the legally required rate in violation of the NMMWA, N.M. Stat. § 50-4-22(E).

5. Plaintiff and the other TDs regularly worked over forty (40) hours in each workweek. Specifically, Plaintiff and the other TDs were typically scheduled for 12 to 14 hour shifts 5 to 6 days a week for weeks at a time. However, Plaintiff and the other TDs never received overtime for hours worked in excess of forty (40) in a single workweek.

6. Defendant failed to pay Plaintiff and the other TDs one and one-half times their regular rate of pay for hours worked in excess of forty (40) as required by the NMMWA.

**PARTIES**

7. Plaintiff Axel Soezeri ("Mr. Soezeri") is an individual residing in Texas. He was employed by Defendant for approximately from October 2019 to April 2020. Plaintiff worked for Defendant as a TD in the State of New Mexico within the three (3) years preceding the filing of this lawsuit.

8. Mr. Soezeri worked out of Defendant's facilities in New Mexico and Texas and transporting fracking sand to and from destinations in New Mexico and Texas. During his work for Defendant, Mr. Soezeri was scheduled to work an average of 6 days per week for 12 to 16 hours per day for two consecutive weeks followed by one week off. However, often Mr. Soezeri

---

[1] Defendant provides services in the following states: New Mexico, Texas, Oklahoma, Tennessee, North Carolina, Florida, Ohio, and New York. *See* Defendant's website, https://ciglogistics.com/locations/ (last visited June 30, 2022).

would work as many as 21 days per month. Defendant did not pay Mr. Soezeri overtime compensation at any time during the three years preceding the filing of this lawsuit.

9. Mr. Soezeri seeks to represent a class of similarly situated Truck Drivers under NMMWA pursuant to Federal Rule of Civil Procedure 23. The NMMWA Class sought to be certified is defined as:

> **All of Defendant's current and former Truck Drivers who worked over forty (40) hours in at least one week in New Mexico within the three (3) years preceding the filing of this lawsuit and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours AND are not a part of the class in 2:19-cv-00940-MV-GJF,** *Montgomery v. Continental Intermodal Group-Trucking LLC***, in the United States District Court for the District of New Mexico**

10. Defendant, Continental Intermodal Group – Trucking LLC ("CIG" or "Defendant") is an Oklahoma limited liability company with its principal place of business at 5049 Edwards Ranch Rd, Suite 200, Fort Worth, Texas 76109. Defendant does business throughout the United States, including New Mexico. Defendant conducts substantial portions of its business in New Mexico including out of its locations in Loving, New Mexico and Jal, New Mexico. Defendant can be served with process by serving its New Mexico registered agent, Filejet, Inc., at 6300 Riverside Plaza In. nw ste. 100, Albuquerque, NM 87120.

11. Mr. Soezeri brings his NMMWA claim as a Rule 23 class action on behalf of the Class Members. The Class Members consist of Defendant's Truck Drivers who worked over forty (40) hours in at least one week in New Mexico within the three (3) years preceding the filing of this lawsuit, were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty hours, and are not a part of the class in 2:19-cv-00940-MV-GJF, *Montgomery v. Continental Intermodal Group-Trucking LLC*, in the United States District Court for the District of New Mexico.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this dispute because Defendant is an Oklahoma limited liability company, Plaintiff is a Texas citizen, and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a).

13. This Court has subject matter jurisdiction over the class action portion of this complaint pursuant to 28 U.S.C. § 1332(d) because (1) this case involves over 150 Class Members; (2) the Class Members' total claims exceed $5,000,000.00 in the aggregate, exclusive of costs or interest; and (3) at least one Class Member is from a different state than Defendant.

14. Under 28 U.S.C. § 1391(b) venue is proper in the District of New Mexico because a substantial part of the events giving rise to the claim occurred in this District.

15. Plaintiff and the Class Members perform or performed work for Defendant in this District. Specifically, during Plaintiff's and the Class Members' employment, they performed work for Defendant within New Mexico.

## NMMWA COVERAGE FACTS

16. At all relevant times, Defendant acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the Class Members.

17. At all relevant times, Defendant constituted an employer or joint employer within the meaning of NMMWA. *See* N.M. Stat. § 50-4-21(B).

18. At all relevant times, Plaintiff and the Class Members constituted individual employees employed by an employer as the term "employee" is defined under the NMMWA. *See* N.M. Stat. § 50-4-21(C).

## FACTUAL ALLEGATIONS RELATING TO NMMWA VIOLATIONS

19. Defendant has continuously conducted business in this judicial district over the last three (3) years and since it began failing to pay TDs who worked in New Mexico overtime for hours worked in excess for forty (40) per week.

20. Defendant is an oil and gas company operating throughout the United States, including New Mexico, and employs oil field personnel – Truck Drivers to carry out its work.

21. The Class Members are individuals worked for Defendant performing the same or substantially similar job duties as Plaintiff.

22. Plaintiff and the Class Members were subjected to the same or similar illegal pay practices for similar work.

23. Defendant agreed to pay TDs a fixed-salaried rate of pay for all hours worked. Defendant has a specific policy against overtime compensation. Specifically, Defendant's policy states that all TDs "are NOT eligible for overtime premium pay." Defendant scheduled all TDs to work a schedule consisting of three (3) weeks on and one (1) week off.

24. Specifically, Defendant classified the Class Members as exempt and paid them the same rate of pay regardless of the number of hours that they worked in each workweek and failed to compensate them at one and one-half times their regular hourly rate of pay for all hours worked in excess of forty hours.

25. For example, Mr. Soezeri worked as a Truck Driver exclusively for Defendant from approximately October of 2019 through April of 2020. Throughout his employment with Defendant, Plaintiff was classified as exempt and was not compensated at one and one-half times his regular hourly rate of pay for all hours worked in excess of forty hours in each workweek – even though Defendant scheduled him to work between 72 and 84 hours in each workweek.

26. As Truck Drivers, Plaintiff's primary job duties included frac and sand hauling, delivering sand, and driving between oil sites within New Mexico.

27. Defendant typically scheduled Plaintiff to work 12 to 14-hour shifts, for as many as 6 days in a week.

28. Plaintiff regularly worked in excess of forty (40) hours each work week while employed by Defendant.

## CLASS ACTION ALLEGATIONS

29. The above and foregoing paragraphs are incorporated herein as if set forth in full.

30. Plaintiff Mr. Soezeri did not receive class notice in 2:19-cv-00940-MV-GJF, *Montgomery v. Continental Intermodal Group-Trucking LLC*, in the United States District Court for the District of New Mexico, and is not a part of that class.

31. Mr. Soezeri seeks to represent a class of similarly situated Truck Drivers under NMMWA pursuant to Federal Rule of Civil Procedure 23. The Class sought to be certified is defined as:

> **All of Defendant's current and former Truck Drivers who worked over forty (40) hours in at least one week in New Mexico within the three (3) years preceding the filing of this lawsuit and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours AND are not a part of the class in 2:19-cv-00940-MV-GJF, *Montgomery v. Continental Intermodal Group-Trucking LLC*, in the United States District Court for the District of New Mexico**

32. The members of the Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 150 members of the Class.

33. While the precise number of Class Members is unknown, at least 150 Class Members work or worked for Defendant in at least one workweek of more than forty (40) hours in

-6-

New Mexico during the past three (3) years and throughout the time period Defendant's continuing course of conduct occurred.

34. Plaintiff and the Class Members were all improperly classified as exempt and not afforded the overtime compensation when they worked in excess of 40 hours per week. Defendant's failure to pay wages and overtime compensation at the rates required by the NMMWA result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Class Members. Plaintiff's claims are therefore typical of the claims of the Class Members.

35. Mr. Soezeri will fairly and adequately represent and protect the interests of the Class because there is no conflict between the claims of Mr. Soezeri and those of the Class. Mr. Soezeri's counsel is competent and experienced in litigating employment class actions and other complex litigation matters, including wage and hour cases similar to this case.

36. There are questions of law and fact common to the proposed Class, which predominate over any questions affecting only individual members, including, without limitation:

   a. whether Defendant has violated and continues to violate statutory and common law through its policies or practices of not paying the Class Members at one and one-half times their regular hourly rates of pay for hours worked in excess of forty hours in each workweek;

   b. the proper measure of damages sustained by the Class Members; and

   c. whether Defendant should be enjoined for such violations in the future.

37. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2). Defendant acted or refused to act on grounds generally applicable to the Class Members. Final injunctive and/or declaratory relief is appropriate to the Class Members as a whole.

38. Mr. Soezeri's claims are typical of the claims of the Class in the following ways, without limitation: (a) Mr. Soezeri is a member of the Class; (b) Mr. Soezeri's claims are of the same policies, practices and course of conduct that form the basis of the claims of the Class; (c) Mr. Soezeri's claims are based on the same legal and remedial theories as those of the Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff, the Class Members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the Class Members.

39. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual Class Members.

40. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

41. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy because—in the context of wage and hour litigation— individuals lack the financial resources to vigorously prosecute lawsuits against large corporations.

42. Members of the Class are readily identifiable from Defendant's own records, including the records indicating where Class members were driving and consequently, where their hours were logged. Prosecution of separate actions by individual members of the Class would

create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.

43. Class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Class, while substantial, are not great enough to enable them each to maintain separate suits against Defendant.

44. Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Mr. Soezeri and the Class. Mr. Soezeri does not envision any difficulty in the management of this action as a class action.

45. Mr. Soezeri intends to send notice to the Rule 23 Class Members to the extent required by Federal Rule of Civil Procedure 23(c).

## VIOLATIONS OF NEW MEXICO MINIMUM WAGE ACT

46. The above and foregoing paragraphs are incorporated herein as if set forth in full.

47. Pursuant to NMMWA, an employer, such as Defendant, who fails to pay an employee wages in conformance with the NMMWA shall be liable to the employee for their unpaid wages plus interest, an additional amount equal to twice the unpaid wages, and court costs and attorneys' fees incurred. *See* N.M. STAT. § 50-4-26.

48. During the relevant time period, Defendant violated and continues to violate NMMWA by employing employees and regularly and repeatedly failing to pay employees for all hours worked and failing to pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Class Members have suffered and will continue to suffer from a loss of income and other

damages. Moreover, Plaintiff requests that this lawsuit encompass all violations that occurred as a part of Defendant's continued course of conduct regardless of the date on which they occurred.

49. Plaintiff and the Class Members are entitled to unpaid overtime equal to one-and-one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek pursuant to the formula outlined in N.M. STAT. § 50-4-22(E). *See also N.M. Dep't of Labor v. Echostar Commc'ns Corp.*, 2006-NMCA-047, ¶¶ 6-9, 139 N.M. 493, 495–96, 134 P.3d 780, 782–83.

## JURY DEMAND

50. Plaintiff requests a trial by jury.

## PRAYER

51. For these reasons, Plaintiff on an individual basis and on a representative basis on behalf of the Class Members respectfully requests that judgment be entered in his favor and against Defendant, awarding Plaintiff on an individual basis and on a representative basis on behalf of the Class Members the following relief:

    a.    For an Order certifying the NMMWA claim as Class Action pursuant to FED. R. CIV. P. 23, for designation of Mr. Soezeri as Class Representative under NMMWA, and for designation of Mr. Soezeri's counsel as class counsel;

    b.    For Judgment that Defendant violated NMMWA by failing to pay Plaintiffs and the Class Members overtime compensation;

    c.    For an Order awarding Plaintiff and the Class Members all unpaid overtime compensation, an amount equal to twice their unpaid wages as liquidated damages, interest and all available penalty wages under NMMWA;

    d.    For all costs and attorneys' fees incurred prosecuting this claim, as allowed by the N.M. STAT. § 50-4-26(E);

    e.    An order for injunctive relief pursuant to N.M. STAT. § 50-4-26(F); and

    f.    Any other and further relief to which Plaintiff and the Class Members may be entitled.

Dated: July 8, 2022

Respectfully submitted,

*/s/ Benjamin W. Allen*
Benjamin W. Allen
NM Federal Bar No. 21-37
Wallace & Allen, LLP
440 Louisiana, Suite 590
Houston, Texas 77002
Telephone: (713) 227-1744
Facsimile: (713) 600-0034
ballen@wallaceallen.com

**COUNSEL FOR PLAINTIFF**