IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AXEL SOEZERI,

    Plaintiff,

v.                                                                  No. 1:22-cv-00505-MIS-KK

CONTINENTAL INTERMODAL
GROUP – TRUCKING LLC,

    Defendant.

## ORDER OF DISMISSAL

THIS MATTER is before the Court on the Order to Show Cause entered by the Court on December 7, 2022. ECF No. 10. Therein, Plaintiff Axel Soezeri's counsel was ordered to show cause, no later than December 28, 2022, as to why the Court should not dismiss this matter for failure to timely file a motion for substitution of Mr. Soezeri after suggestion of his death, under Federal Rule of Civil Procedure ("Rule") 25(a)(1). *Id.* at 3. Mr. Soezeri's surviving spouse was provided with a copy of the Order at her last known mailing address, and Plaintiff's counsel was served with a copy of the Order via CM/ECF. *See id.* at 1–2.

On December 20, 2022, Plaintiff's counsel filed a response, stating that he is "not authorized to pursue claims on behalf of [Mr. Soezeri's] estate." ECF No. 12 at 1. Plaintiff's counsel certified that Mr. Soezeri's "son and widow have been provided a copy of [the response] and have approved its contents." *Id*. Since the filing of the response, no motion for substitution or entry of appearance has been filed.

The Court adopts and incorporates the facts stated in the Order to Show Cause herein by reference. *See* ECF No. 10 at 1–2. On the present record, it appears that Defendant Continental Intermodal Group – Trucking LLC served its Notice of Suggestion of Death on Mr. Soezeri's successor or representative no later than August 26, 2022. ECF Nos. 7, 8. No motion for substitution has been filed as of the date of this Order. Under Rule 25(a)(1), unless a motion for substitution is made "by any party or by the decedent's successor or representative . . . within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Therefore, the claims brought by Mr. Soezeri must be dismissed. And because there are no other named parties, the entire civil action must be dismissed.

Finally, the Court notes that a Rule 23 class action was alleged in the Complaint. *See* ECF No. 1 at 1. However, the record reflects that the Court has not certified a class in this matter. The Court finds that, to the extent that valid class action claims existed (which the Court does not determine here), the statutes of limitations for the *individual claims* of putative class members, if any, have been equitably tolled from the filing of the class action complaint through the date of this Order. *See Ballen v. Prudential Bache Sec., Inc.*, 23 F.3d 335, 337 (10th Cir. 1994). However, a *class action* suit filed after the statute of limitations has expired will not save such an action from being time barred. *Id*.

**IT IS THEREFORE ORDERED** that this cause of action and all claims made therein are hereby **DISMISSED WITHOUT PREJUDICE**. The statutes of limitations for the individual claims of putative class members, if any, are equitably tolled from the filing of the class action complaint through the date of this Order.

The Clerk of the Court is hereby **DIRECTED** to send a copy of this Order via First Class Mail to the following:

> Nigar Sharon Soezeri
> 3112 Woodridge Lane
> Odessa, Texas 79762

The Court will enter a separate final judgment.

*/s/ Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE